### AMBROSE, Adoption of, In Re

Ohio Appeals, 6th Dist, Ottawa Co

No 145.   Decided Nov 21, 1932

John McCrystal, Sandusky, for plaintiff in error.

John A. Ricca for defendant in error.

**PER CURIAM**

It will be observed that the petition in error is entitled "In the Matter of the Adoption of Virginia Ambrose by William Smeader and Jennie Smeader" and that the amended petition in error adopts the same language in the title. A proceeding in error is adversary in character and that fact should appear from the title of the cause and the parties prosecuting error should be shown therein as plaintiff in error and the party or parties against whom the proceeding in error is brought should appear as defendants in error.

This cause is not before us upon the merits for the reason that a jurisdictional question is raised by the record which we are compelled to decide, and it is controlling. This jurisdictional question was not mentioned by counsel in argument and seemingly was not called to the attention of the Court of Common Pleas.

The decree of adoption was apparently entered July 6th, 1931. The original journal entry of that decree bears that date and the certified transcript of record shows that the entry was filed on that date. There is no file mark on the back of the original entry. Therefore it affirmatively appears from the record that the journal entry of the decree of adoption is dated and filed on the date named. The original journal entry of the decree of adoption is signed by the probate judge in his official capacity and the transcript of record showing the date of the filing of that journal entry is certified by the probate judge as ex officio clerk of the Probate Court by his deputy clerk. It follows that the state of the record is such that we must assume that the journal entry of the decree of adoption was filed on the date named. The certified transcript of the docket and journal entries in the Common Pleas Court shows that the petition in error seeking a review of the decree of adoption above referred to was filed in the Court of Common Pleas October 22, 1931, and summons in error issued on the same date. It thus appears that the petition in error was filed in the Court of Common Pleas 108 days after the decree of adoption was entered in the Probate Court. As §12270, **GC,** prescribes a limitation of 70 days, the petition in error was not filed in time.

It may be contended, however, that the time begins to run with the time of the overruling of a motion for new trial. We have recently had before us that question and have held that where a case is not triable to a jury the 70 day period begins from the time of the date of the entry of the judgment and not from the date of overruling the motion for new trial. **Heigel v Heigel, 38 Court of Appeals Opinions, Sixth District, unreported, p. 195 (11 Abs 402).** The judgment in this case

was affirmed by the Supreme Court in cause No. 23414, Heigel v Heigel, on authority of Craig v Welpley, 104 Oh St, 312 and Wells, Jr. v Wells, 105 Oh St, 417. See 5 Ohio Bar, page 114.

It remains to consider what judgment this court should enter. In the case of **Wyant v Russell, 109 Oh St, 167,** it appears that the petition in error filed in the Court of Appeals, in which a review of the judgment of the Court of Common Pleas was sought, was filed on the 107th day after judgment, and excuses the action of the Court of Appeals in failing to discover the defect because the state of the record was such, at the time the proceeding in error was dismissed for want of prosecution, that the lapse of time was not disclosed. The Supreme Court held that at any rate the judgment of dismissal by the Court of Appeals could not be prejudicial to plaintiff in error for the reason that the petition in error was not filed in that court within the time prescribed by statute.

In the instant case the record shows that the Common Pleas Court affirmed the judgment and decree of adoption entered in the Probate Court. The Court of Common Pleas should have dismissed the case for want of jurisdiction for the reason that the petition in error was not filed within the time limited by statute. As such a course would have left the judgment and decree of the Probate Court in full force and effect and the judgment of affirmance which was entered accomplishes the same result, the judgment of affirmance is not prejudicial to the plaintiff in error and, as there is no prejudicial error upon the face of the record, this court affirms the judgment of the Court of Common Pleas.

Judgment affirmed.

LLOYD, RICHARDS and WILLIAMS, JJ, concur.